IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AJANI POSEY, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:24-cv-175-KAP |
| SCOTT KLINEFELTER, *et al.*, | : |
|     Defendants | : |

Memorandum Order

    For the reasons explained below, the motions to dismiss at ECF no. 28 is denied as unnecessary and the pleadings styled "motion to reinstate" and "motion to aid in judgment" at ECF no. 40 and ECF no. 41 respectively are denied as unnecessary and meaningless. The complaint is dismissed as to defendant Klinefelter. A discovery schedule is set out below.

    Plaintiff Posey, now at S.C.I. Frackville, filed a civil complaint in July 2024 that complains about several incidents at S.C.I. Houtzdale that allegedly took place when he was in custody there in 2023. Because Posey is a prison inmate (proceeding *in forma pauperis*) and his complaint names government employees or entities as defendants, his complaint is subject to the Prison Litigation Reform Act. The PLRA commands the *sua sponte* dismissal at any time of any complaint or portion thereof that is frivolous, *see* Neitzke v. Williams, 490 U.S. 319, 325 (1989)(defining frivolous as lacking an arguable basis in either law or fact), malicious, or fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, using the same standard as does Fed.R.Civ.P. 12(b)(6). *See* 28 U.S.C.§ 1915A; *see also* Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Therefore, under the PLRA, Fed.R.Civ.P. 8(a)(2), and Fed.R.Civ.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

    Once served, defendant Klinefelter, the warden at Houtzdale, moved to dismiss on the basis that no claim is stated against him because his personal liability is alleged only on the basis of his position as superintendent and his role after the fact in the grievance process. Posey moved for additional time to respond, for default judgment, and for discovery in aid of execution. Because my *sua sponte* review under the PLRA is supposed to take place as soon as practicable and I have a heavy caseload, I often order service in advance of conducting that review. As a result, my review often coincides with motions

1

practice. I need not consider the motion or wade into the collateral complaint about Posey's mail service because my review is independent of the motion to dismiss.

As <u>Ashcroft v. Iqbal</u> held, a plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." 556 U.S. at 683, *quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 570. Plaintiff must in a nonconclusory way allege facts that permit the inference that each defendant he names was personally involved in causing harm to him. <u>Chavarriaga v. New Jersey Department of Corrections</u>, 806 F.3d 210, 222 (3d Cir. 2015). Showing the mere possibility of misconduct is not sufficient to show that the pleader is entitled to relief. <u>Ashcroft v. Iqbal</u>, *supra*, 556 U.S. at 679. Allegations do not have to be "unrealistic or nonsensical" to fail to state a claim (nonsensical allegations would be analyzed for frivolousness) because it is the conclusory nature of allegations, rather than their extravagantly fanciful nature, "that disentitles them to the presumption of truth." *Id.,* 556 U.S. at 681. The Supreme Court gave an example in <u>Ashcroft v. Iqbal</u>: allegations that the Attorney General was the "principal architect" of an unlawful scheme and the director of the FBI was "instrumental" in executing it were conclusions not facts and without more were not enough to state a claim. *Id.,* 556 U.S. at 680-81. In short, whether alleged facts amount to a legal claim sufficient to go forward to discovery is a question of law for the Court. *See id.* 556 U.S. at 686, rejecting as conclusory plaintiff's allegation that government officials discriminated against him on account of his religion, race, or national origin for no legitimate penological interest with the comment:

> Were we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.

A court's duty to construe *pro se* pleadings liberally and nontechnically is a command to overlook malapropisms and grammatical errors, not one to construe conclusions as assertions of fact or "conjure up unpleaded facts to support … conclusory suggestions." <u>Hurney v. Carver</u>, 602 F.2d 993, 995 (1st Cir.1979), <u>quoting</u> <u>Slotnick v. Staviskey</u>, 560 F.2d 31, 33 (1st Cir.1977), *cert. denied*, 434 U.S. 1077 (1978), or "to construct full blown claims from sentence fragments," or "explore…all potential claims of a *pro se* plaintiff." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986). A lack of facts amounting to a colorable claim against a defendant makes a complaint an inadequate complaint, not a vague one that needs to be clarified. *See* <u>Unger v. National Residents Matching Program</u>, 928 F.2d 1392, 1401-02 (3d Cir.1991). As the First Circuit observed in <u>O'Brien v. DiGrazia</u>, 544 F.2d 543, 546 (1st Cir. 1976):

> A plaintiff will not be thrown out of court for failing to plead facts in support

of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Klinefelter's liability is based on the allegation that he denied Posey's grievance relating to a September 3, 2023 alleged unsanitary condition, Complaint ¶ 21; a similar claim is made more generally at Complaint ¶ 23. Participation in the grievance process does not make a corrections official responsible for the alleged wrong raised in the grievance.

As the Court of Appeals wrote more than three decades ago,

> [N]ot every official who is aware of a problem exhibits indifference by failing to resolve it. A warden, for example, although he may have ultimate responsibility for seeing that prisoners are released when their sentences are served, does not exhibit deliberate indifference by failing to address a sentence calculation problem brought to his attention when there are procedures in place calling for others to pursue the matter.

Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989). As a result, an adequate claim of a warden's personal responsibility requires allegations first, that the superintendent had knowledge of the prisoner's problem, second, that the superintendent failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference, and third that there is a causal connection between the superintendent's response to the problem and the injury to the inmate plaintiff. *See id*.

Receiving a complaint (in at least one case after the fact) from Posey puts Klinefelter on notice that Posey has a complaint: it does not constitute notice that the complaint has any merit whatsoever. Wardens do not become liable for failure to respond to inmate complaints, whether they are contemporaneous with events or after the fact in the grievance system. A warden is liable for a deprivation of basic human needs in prison if he or she is "deliberately indifferent" to those needs, that is, that he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] **must also draw the inference**." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Posey alleges nothing to indicate that Klinefelter had any reason to believe Posey had a legitimate claim, much less that he did so believe and was deliberately indifferent in his response to it, or that there was a causal connection to any alleged injury.

It is not uncommon for inmates to name as many defendants up and down the chain of command as they can identify, but the burden of handling meritless complaints is the reason the PLRA requires courts to *sua sponte* dismiss meritless complaints or

3

meritless portions thereof.

There is no vicarious liability in civil rights claims. Being legally responsible for overall operation of the prison is not personal participation in any subordinate's actions. *See* Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (municipal employers are liable for deprivation of civil rights caused by their own illegal customs and policies but are not liable for their employees' actions). Posey does not allege facts allowing the inference that any alleged actions of any subordinate that allegedly violated his rights were pursuant to a policy of Klinefelter's. A "policy" is either an act by Klinefelter or a practice throughout the prison "so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 60–61 (2011). In Connick v. Thompson, *supra*, 563 U.S. at 70, the Supreme Court held that lower courts "must adhere to a stringent standard of fault, lest municipal liability under § 1983 collapse into *respondeat superior*." (cleaned up). Because Posey offers nothing more than *respondeat superior* liability, his complaint is inadequate.

As for the remaining claims, the following pretrial schedule is ordered:

1. Discovery shall be completed by August 31, 2025. Leave to depose inmates is granted without need of additional motion.
2. Any motions for summary judgment shall be filed on or before by September 30, 2025, with responses by October 31, 2025.
3. If no summary judgment motions are filed, the pretrial statement of plaintiff shall be filed on or before November 15, 2025, and the pretrial statement of defendants shall be filed on or before November 30, 2025. A final pretrial conference followed by trial may be scheduled on any available date in the term beginning January 1, 2026, or in the month following disposition of summary judgment motions, whichever is later.

The Court of Appeals, *see* Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), directs district courts to allow plaintiffs in civil rights cases leave to amend an inadequate complaint unless amendment is futile or inequitable. Because amendment would be futile based on what plaintiff does allege, no amendment is permitted.

DATE: June 23, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Ajani L. Posey ND-5706
S.C.I. Frackville
1111 Altamont Boulevard
Frackville, PA 17931